# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00297-FDW

| | |
|---|---|
| KENNETH FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| LACY H. THORNBURG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e) [Doc. 1], Plaintiff's "Ex Parte Motion to Appoint Marshal to Serve Summons and Complaint" [Doc. 4], Plaintiff's "Motion to Make Monthly Payments Toward Filing Fee" [Doc. 5].

**I.    BACKGROUND**

Pro se Plaintiff Kenneth Foster ("Plaintiff") is a federal inmate currently incarcerated at Fort Dix East Federal Correctional Institution located in Joint Base MDL, New Jersey. On August 26, 2009, the Honorable Lacy H. Thornburg, United States District Judge, entered judgment against Plaintiff after a jury found Plaintiff guilty of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), and use of a communication facility to facilitate the distribution of cocaine, in violation of 21 U.S.C. § 843(b) (Count Two). [Criminal Case No. 1:09-cr-00013-MR-WCM ("CR"), Doc. 347: Judgment]. Plaintiff was sentenced to a term of imprisonment of 360 months on Count One and 96 months on Count Two, to be served concurrently. [Id. at 2]. Plaintiff has unsuccessfully sought to challenge this conviction several times, both by direct appeal and through Section 2255 motions to vacate. [See

CR Doc. 363, 627, 689, 710, 718, 722, 858; Civil Case No. 1:09-cr-00013-MR-WCM-8, Doc. 1; Civil Case No. 1:09-cr-00315-MR, Doc. 1].

On October 18, 2019, Plaintiff filed a complaint in this matter pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1]. Plaintiff has named the Honorable Lacy H. Thornburg, former United States District Judge, as the sole Defendant. In the Complaint, Plaintiff alleges that Judge Thornburg, "a former Federal Judge in Plaintiff[']s criminal matter, was retired when he entered a false document into the court[']s docket and record without being assigned, designated, or given any permissions."[1] [Doc. 1 at 4]. Plaintiff claims that Judge Thornburg violated The Privacy Act[2] in entering the document in the record because Rule 5.2 of The Privacy Act "clearly states that any document under seal cannot be made public record, which the document in question was." [Doc. 1 at 12]. Plaintiff also contends that the filing of this document violated his "rights covered under Due Process." [Doc. 1 at 13].

Plaintiff claims that this alleged act "has caused irreparable hardship to Plaintiff, legally, and socially." [Id.]. Plaintiff, however, does not elaborate on the nature of the alleged hardship.

Plaintiff seeks five million dollars in damages. [Id.].

---

[1] Plaintiff attaches the document at issue as Exhibit A to his Complaint. [Doc. 1 at 17-18]. The document was filed on March 11, 2010, in Case No. 1:08-mc-00050-LHT, a matter which is completely sealed. [Doc. 9]. Plaintiff has not shown, and the Court does not see, where this document was filed in the extensive docket in his criminal proceedings. See Criminal Case. No. 1:09-cr-00013. The Court declines to provide any further detail regarding the document, because, although Plaintiff filed it in the instant proceedings, the document was previously filed only under seal and the details of the document do not bear on the outcome of the Court's review of Plaintiff's Complaint here.

[2] The Privacy Act of 1974, 5 U.S.C. § 552a, establishes a code of fair information practices that governs the collection, maintenance, use, and dissemination of information about individuals that is maintained in systems of records by federal agencies.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

First, the act of which Plaintiff complains occurred in March of 2010. Any claim Plaintiff may have had under Bivens or otherwise has long since expired. See Harrison v. Herbel, No. 5:05-CT-550-D, 2007 WL 9757745, at *1 (E.D.N.C. July 17, 2007) (dismissing Bivens claim where Plaintiff failed to file his complaint within the applicable statute of limitations). Plaintiff's failure to timely file the complaint is plainly evident and the Plaintiff, therefore, has failed to state a claim

as a matter of law.

Second, Judge Thornburg is immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).

Third, Plaintiff has failed to state a claim, in any event. A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395-97. A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Here, Plaintiff claims violation of The Privacy Act, which is not a constitutional right.

Further, Plaintiff baldly claims that his due process rights were violated but fails to further elaborate. Nonetheless, Plaintiff has failed to state a claim for a due process violation of any sort. The document about which Plaintiff complains was filed in a sealed matter and was, therefore, also necessarily filed under seal. Further, while Plaintiff takes significant issue with the alleged fact that the document was entered in the docket in a miscellaneous proceeding that remained assigned to Judge Thornburg after Judge Thornburg's retirement, this is not a "fraud" perpetrated on Petitioner, as Petitioner alleges. Because the miscellaneous proceeding was closed on October

24, 2008, the case was not (and still is not) reassigned to another judge on Judge Thornburg's retirement. Documents are often filed in cases after cases are closed as a matter of complete record keeping. There was nothing fraudulent or wrongful about the entry of the document in these miscellaneous proceedings. Further, Judge Thornburg was not responsible for entering the document in the record, in any event. Also, Plaintiff has failed to allege how this document is "false." As such, Plaintiff's claim is also subject to dismissal for failure to state a claim.

## IV. CONCLUSION

For the reasons stated herein, this action is subject to dismissal because it is barred by the statute of limitations, Defendant Thornburg is immune from suit, and Plaintiff has failed to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed on initial review under 28 U.S.C. §§ 1915A and 1915(e).
2. Plaintiff's Ex Parte Motion to Appoint Marshal [Doc. 4] is **DENIED** as moot.
3. Plaintiff's Motion to Make Monthly Payments [Doc. 5] is **DENIED** as moot.
4. The Clerk is directed to terminate this action.

Signed: December 11, 2019

Frank D. Whitney
Chief United States District Judge