# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00297-FDW

| | |
|---|---|
| KENNETH FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| LACY H. THORNBURG, Judge, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Reconsider, Vacate, or Modify USDC's Final Order as on its Face Ultra Vires And Unconstitutional as Repugnant to Federal Constitution Pursuant: Fed. R. Civ. Proc. 59(e)" [Doc. 14], Plaintiff's "Motion to Amend Reconsideration Motion," [Doc. 16], and Plaintiff's "Motion to Compel Chief Judge Frank Whitney" [Doc. 17].

## I. BACKGROUND

Pro se Plaintiff Kenneth Foster ("Plaintiff") is a federal inmate currently incarcerated at Fort Dix East Federal Correctional Institution located in Joint Base MDL, New Jersey. On August 26, 2009, the Honorable Lacy H. Thornburg, United States District Judge, entered judgment against Plaintiff after a jury found Plaintiff guilty of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), and use of a communication facility to facilitate the distribution of cocaine, in violation of 21 U.S.C. § 843(b) (Count Two). [Criminal Case No. 1:09-cr-00013-MR-WCM ("CR"), Doc. 347: Judgment]. Plaintiff was sentenced to a term of imprisonment of 360 months on Count One and 96 months on Count Two, to be served concurrently. [Id. at 2]. Plaintiff has unsuccessfully sought to challenge this

1

conviction several times, both by direct appeal and through Section 2255 motions to vacate. [See CR Doc. 363, 627, 689, 710, 718, 722, 858; Civil Case No. 1:09-cr-00013-MR-WCM-8, Doc. 1; Civil Case No. 1:09-cr-00315-MR, Doc. 1].

On October 18, 2019, Plaintiff filed a complaint in this matter pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). [Doc. 1]. Plaintiff named the Honorable Lacy H. Thornburg, former United States District Judge, as the sole Defendant. Plaintiff's Complaint failed initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A based on judicial immunity, statute of limitations, and for Plaintiff's failure to state a claim upon which relief could be granted. Plaintiff now moves the Court under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its judgment dismissing Plaintiff's complaint. [Doc. 14].

## II. DISCUSSION

"The reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." <u>Loren Data Corp. v. GXS, Inc.</u>, 501 Fed. Appx. 275, 285 (4th Cir. 2012) (citing <u>Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396 (4th Cir.), <u>cert. denied</u>, 525 U.S. 1104 (1999)). The Fourth Circuit has recognized three grounds for altering or amending a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence that was not available at trial; (3) to correct a clear error of law or manifest injustice. <u>Id.</u> (citations omitted). The burden is on the moving party to show one of these grounds for relief. <u>Id.</u> Rule 59(e) motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." <u>Pacific Ins.</u>, 148 F.3d at 403. Ultimately, the decision to grant or deny a Rule 59(e) motion is a matter within the

Court's discretion. Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 (4th Cir. 2010)).

Plaintiff asserts that he is entitled to relief under Rule 59(e) "in the interest of Justice." [Doc. 15 at 1]. Plaintiff submits his own Affidavit in support of this motion, a memorandum, and a printout from judgepedia.org regarding the Honorable Lacy Thornburg. [Doc. 14-1 at 1-6]. Plaintiff claims the Court's judgment was beyond the District Court's "constitutional and statutory jurisdiction on its face" and "facially unconstitutional" under the First and Fourth Amendments. [Doc. 14]. Plaintiff primarily regurgitates arguments already made and adjudicated. In short, Plaintiff presents nothing to support relief under Rule 59(e). The Court fully explained the reasoning behind its correct decision. There is no manifest injustice to be prevented.

Briefly, the Court addresses Plaintiff's Motion to Compel Chief Judge Frank D. Whitney "to answer the two question(s) composed in Plaintiff['s] motion." [Doc. 17]. Plaintiff moves the undersigned to essentially answer interrogatories that Plaintiff deems relevant to his filings in this case. Even if Plaintiff's action had not been dismissed and his motion for reconsideration denied, judges do not answer discovery requests in the actions over which they preside. Plaintiff's request is wholly inappropriate and will be denied.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motions are denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion to reconsider [Doc. 14] is **DENIED**.

2. Plaintiff's motion to amend [Doc. 16] is **DENIED** as moot.

3. Plaintiff's Motion to Compel Chief Judge Frank D. Whitney [Doc. 17] is **DENIED**.

Signed: March 23, 2020

Frank D. Whitney
Chief United States District Judge